BLAISDELL, Respondent, *vs.* THE STEAM FERRY BOAT WM. POPE, Appellant.

1. An officer seizing a boat has no authority to hold her without bond, subject to final process in the suit. It is his duty to apply for an order of sale, unless she is bonded within five days, under the ninth or tenth sections of the act concerning boats and vessels. (R. C. 1845.)
2. The law commissioner's court has no authority to make an order for the sale of a boat, or to distribute the proceeds.

*Appeal from St. Louis Court of Common Pleas.*

*M. L. Gray,* for appellant. 1. When a boat is seized, and not bonded within five days, under the ninth or tenth sections of the act, she must be sold under the eleventh section, for the benefit of all the creditors. To allow the officer to hold the boat, or to release her, and then seize her again at the end of the suit, and sell her under a special *fieri facias,* would be an evasion of the salutary provisions of the eleventh section, and a sacrifice of the rights of the other creditors. It is contended that, when such a course is pursued, the plaintiff loses his lien against the boat, and has his remedy against the officer. 2. The law commissioner cannot issue a special *fieri facias,* commanding the sale of a boat. It has been decided

by this court that a justice of the peace cannot, (12 Mo. Rep. 288,) and the same reasons apply as forcibly to the law commissioner's court. If the boat can be sold under a special *fieri facias*, what will be the effect upon the lien claims? Will the purchaser take the boat discharged of the liens?

*A. P. & P. B. Garesché,* for respondent. The act of 1851 gives the law commissioner's court jurisdiction of suits against boats, where the demand does not exceed one hundred dollars, and contains no prohibition of a sale of the boat under process from said court. In this respect, it differs from sections 23 and 24 of the act of 1845, giving jurisdiction to justices of the peace, but prohibiting them from selling the boat. The motion in this case was, to quash a special *fi. fa.* issued under the 20th section, applicable to a case where a boat has been bonded under the tenth section. If the officer, instead of taking a bond for the forthcoming of the boat, chooses to release her, and take upon himself the risk of her being forthcoming to answer the judgment, it is a risk which cannot affect the plaintiff's right, and of which the defendant, who has reaped its advantage, cannot complain; and if, as in this case, the boat is in fact forthcoming, no reason is perceived why she may not be sold, in the same manner as if a bond for her forthcoming had been given. There is no question here of the classification of liens, or of the insolvency of the boat. The proceedings in this case have no reference to those provisions in the act which are intended to meet the case of insolvency.

SCOTT, Judge, delivered the opinion of the court.

This was a proceeding begun in the law commissioner's court, against the boat Wm. Pope, under the act concerning boats and vessels, by the respondent, for services as engineer of said boat. The boat was seized, but no bond was given under either the 9th or 10th sections of the act. There was a judgment against the boat, and the court proceeded to enforce

that judgment, under the 20th section of the act, by a special *fieri facias*. This proceeding was resisted by a motion te quash, which was overruled, and the boat appealed.

1. The tenth section of the boat law, which allows a boat to be bonded without discharging the lien created by the debt for which she is sued, and the 20th section of the same act which allows a special *fieri facias* against her, after she has been thus bonded, seem to serve no other end than to thwart the general object of the law, which was to secure the payment of all liens against a boat, by a sale which would pass an unincumbered title, and applying the proceeds of such sale to the liquidation of the demands against her. This being the main design of the law, sections apparently conflicting with that design, must receive a construction subservient to it. The idea that the officer attaching a boat may hold her without a bond, subject to the final process in the suit, thereby making himself, as it were, the bondsman, cannot be sustained. The officer would have no right to give a bond under the tenth section. That can only be done by the captain, owner, agent or consignee. Having no right to give a bond, he cannot do what is equivalent thereto, substitute the responsibility of himself and sureties for the bond required by law.

The presumption is that, if no person has sufficient interest in a boat to give bond for her discharge within five days after her seizure, she is insolvent, and it is against the policy of the law that the officer should interfere and avert the fate to which she is doomed. Being incumbered with an amount equal to her value or more, there should be no power in the ministers of the law to place her in a situation in which she might increase her liabilities, to the prejudice of those who have already or may thereafter trust her. Where a boat is bonded under the tenth section, should she contract debts subsequently, and be sold to satisfy them, whereby she could not be returned, the debt for which she was seized would be secured by the bond given for her release. For the security afforded by this bond, the officer has no right to substitute himself and his sureties. The act

would not only be unauthorized, but, if permitted, would be a wrong to the sureties of the officer.

2. No bond having been given, it was the duty of the officer to apply for an order of sale, in pursuance to the provisions of the eleventh section of the act. That application should have been made to the Circuit Court or Court of Common Pleas. The law commissioner had no authority to make an order of sale. The law directs that the claims against a boat shall be audited by the court making the order of sale. Now, the law commissioner's court is one of limited jurisdiction. It cannot hear and determine demands exceeding one hundred and fifty dollars exclusive of interest. There may be claims against a boat exceeding that amount. How can that court, consistently with its organic law, hear and determine them? When the powers of that court are considered, we may infer that the reasons which induced the general assembly to withhold from the justices' courts the authority to order a sale, would have operated to induce a refusal of a like power to the court of the law commissioner. The authority to make an order for such a sale is not incidental or derivative; it is an original power, owing its origin to positive legislation. That power has only been confided to the Circuit Court and Court of Common Pleas. On what principle, then, can it be assumed by the law commissioner's court? These considerations are sufficient to show, that the legislature could not have designed that the law commissioner should have the power to order the sale of a boat.

The other judges concurring, the judgment will be reversed.